WALDECK, APPELLANT, *v.* CITY OF NORTH COLLEGE HILL, APPELLEE.

(No. C-840709—Decided July 24, 1985.)

*Dennis A. Becker,* for appellant.
*Dolores A. Dunn,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton County Court of Common Pleas.

The plaintiff-appellant, Diane Waldeck, is a former employee of the defendant-appellee, city of North College Hill, Ohio, a municipal corporation. When appellant voluntarily terminated her employment she had accumulated approximately three hundred twenty-eight hours of sick leave. Appellant contended that she was entitled to be paid for the accumulated sick leave pursuant to the provisions of Section 143.09 of the codified ordinances of the appellee city. The response of appellee was that the ordinance relied on by appellant specifically authorized "terminal leave" (*i.e.,* redemption of unused sick leave) only in the event of "retirement" which is specifically defined in the ordinance in a manner that excludes appellant. Resultantly, appellant instituted a declaratory judgment action for the interpretation of the ordinance and the declaration of the rights and duties of the parties thereunder. After the city filed its answer both parties moved for summary judgment. The trial court entered summary judgment in favor of the city and the plaintiff-appellant prosecutes this timely appeal, assigning as the singular error the granting of summary judgment in favor of appellee. We find the assignment of error to be well-made.

Civ. R. 56(C) is very specific in prescribing what evidentiary material may be considered in deciding a motion for summary judgment. Of the matters properly considered, this case presents only one, *i.e.,* the pleadings. Memoranda in support of or in opposition to motions for summary judgment may not be relied upon by the trial judge. In like manner, exhibits attached to such memoranda may not be considered unless they have been "timely filed in the action." Civ. R. 56(C). The plaintiff attached to her memorandum in support of her motion for summary judgment a document purporting to be the appellee's answers to interrogatories propounded by the plaintiff-appellant. This document was not filed in the action and may not therefore be considered. *Davis* v. *Florez* (Aug. 22, 1979), Hamilton App. No. C-780319, unreported. In addition, the "answers" are not formally correct. They are not under oath and signed. Even the ordinance in question was not before the lower court. Although the complaint referred to the ordinance as being "Exhibit A" attached to the complaint, the record transmitted to this court does not contain the attachment. We conclude that the lower court did not have sufficient evidentiary fundament to enable it to grant the summary judgment. Genuine issues of material fact remain to be determined.

Finally, it is important to remain aware that this action originated as one seeking a declaration of rights and obligations. An action of that nature does not present the best situation for determination by summary judgment. "* * * As a general rule, a court fails to fulfill its function in a declaratory judgment action when it disposes of the issues by journalizing an entry merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document or law under consideration. * * *" *Kramer* v. *West American Ins. Co.* (Oct. 6, 1982), Hamilton App. Nos. C-810829 and -810891, unreported, at page 4.

We reverse the summary judgment in favor of appellee and remand this cause for further proceedings including the declaration of the rights and duties of the parties under Section 143.09 of the Codified Ordinances of the city of North College Hill.

*Judgment reversed
and cause remanded.*

BLACK, P.J., SHANNON and KLUSMEIER, JJ., concur.