DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Cincinnati Insurance Co. ("CIC") appeals from the judgment of the Wayne County Court of Common Pleas, granting summary judgment in favor of appellees. We affirm in part, reverse in part, and remand.
 I.
Appellee Colelli Associates, Inc. ("Colelli") was formed in 1991. Colelli dealt in creating formulas of chemicals to sell, but no chemicals were used, created or stored on the premises. Instead, Colelli bought the component ingredients from other chemical companies that blended the ingredients according to Colelli's specifications. The Colelli-specified chemical would then be shipped by a third party to Colelli's buyers.
At the time that Colelli began operations, it sought insurance through an independent insurance agency. Through the agency, Colelli obtained a general commercial liability policy with appellant CIC. The policy lasted three years, and was renewed in 1994. Before the instant appeal was taken, Colelli was still paying premiums owed on the CIC policy, and CIC had not canceled or otherwise voided the policy.
In 1991, part of Colelli's business was the sale of a paraffin solvent chemical. This solvent was used to remove wax from crude oil and natural gas. The solvent was put directly into the oil or gas while the oil or gas was still in the well and would ordinarily remove the wax without adversely affecting the oil and gas or other facilities in the stream of production. The solvent was blended to Colelli's specifications by Chemical Solvents, Inc.
One of the components of Colelli's solvent was a chemical called toluene, a man-made chemical. When Colelli first sold the solvent, the toluene contained in the solvent was "virgin," i.e., not a by-product. In approximately July 1994, the Colelli solvent began incorporating toluene that was a by-product of another industrial process. This "spent" toluene contained polysiloxanes, a man-made chemical compound that is composed of silicone. Colelli had previously told Chemical Solvents that it could not have silicones in the solvent.
In April 1995, Colelli was notified by one of its solvent buyers, a natural gas producer, that the producer suspected that the solvent was contaminated with silicone. This was confirmed by testing done by an independent laboratory hired by Colelli. The use of "spent" toluene in the paraffin solvent was discontinued at that time.
Appellee Pennzoil Products Co. ("Pennzoil") purchased crude oil from many oil producers that bought the solvent containing "spent" toluene. The crude oil was then processed at Pennzoil's refinery in Rouseville, Pennsylvania, with at least part of the oil being refined into gasoline. In April 1995, Pennzoil began experiencing problems with the reactors used to process the crude oil into gasoline. Upon further inspection, it was discovered that the catalysts within the reactors were coated by an insoluble silicone gel that prevented the catalysts from performing their job. Pennzoil had to replace four of the five catalysts in the gasoline reactors. Thereafter, one catalyst was used as a "guard-bed" to protect the replacement catalysts from further damage, and the guard-bed catalyst also had to be replaced periodically. These damaged catalysts were sold to third parties. Pennzoil also eventually traced the silicone problem to the Colelli solvent.
Pennzoil filed suit against Colelli, Chemical Solvents, and other entities in federal district court in April 1996. Colelli notified CIC of the action and requested that CIC defend the action. CIC then filed a declaratory judgment action in the Wayne County Court of Common Pleas, seeking a declaration of its rights and responsibilities under its policy with Colelli. The complaint named as defendants Colelli, Pennzoil, and numerous oil and natural gas producers that might potentially have claims against Colelli.[1] The defendants answered, and Colelli counterclaimed. CIC later amended its complaint to include as a defendant one of the companies that Colelli hired to put the solvent into the wells of the oil and natural gas producers.
CIC moved for summary judgment. The defendants responded and cross-moved for summary judgment. After CIC filed its reply brief, it moved for leave to file a second amended complaint. The trial court denied the motion. On May 29, 1997, the trial court granted the defendants' motion for summary judgment, dismissing CIC's complaint. CIC now appeals to this court.
 II.
CIC asserts five assignments of error. We address each in due course.
We note the standard for our review of a trial court's decision granting summary judgment. Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment isde novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491.
 A. Third Assignment of Error The trial court erred as a matter of law in merely grantingsummary judgment in this declaratory judgment action withoutadequately or fully addressing all issues nor [sic]adequately or fully declaring appellant's rights and legalrelations vis-a-vis appellee, to appellant's prejudice.
In its third assignment of error, CIC argues that the trial court erred by not fully declaring the parties' legal relations in the declaratory judgment. CIC contends that the trial court should have more fully addressed the issues that affected whether it was to defend and indemnify Colelli. We agree.
Under R.C. 2721.03, "[a]ny person interested under a * * * written contract * * * may have determined any question of construction or validity arising under such * * * contract * * * and obtain a declaration of rights, status, or other legal relations thereunder." However, the trial court's function is not adequately discharged by simply dismissing a complaint for declaratory judgment. Waldeck v. N. College Hill (1985), 24 Ohio App.3d 189,190. The trial court must set forth a construction of the document that is at issue in the declaratory judgment action.Id.
In the case at bar, the trial court's construction of the insurance policy was that defendants were entitled to summary judgment "for the reasons set forth in Pennzoil's briefs." Pennzoil's brief in support of its motion for summary judgment was twenty-nine pages in length, exclusive of appendices. As with most briefs, each issue is supported by several alternative arguments. Pennzoil's reply brief adds another seven pages. The trial court did not adequately declare a construction of the insurance policy by incorporating by reference over thirty-five pages of analysis.[2] Therefore, we must remand this case so that the trial court can render an adequate construction of the insurance policy. CIC's third assignment of error is sustained.
 B. First Assignment of Error The trial court erred in granting summary judgment againstappellant, to appellant's prejudice, because genuine issues ofmaterial fact were demonstrated under exclusions from coveragecontained in the insurance policy at issue.
CIC's first assignment of error argues that the trial court improperly granted summary judgment because factual issues remain as to whether certain exclusions apply so as to excuse CIC from defending or indemnifying Colelli. CIC asks this court to decide whether the exclusions apply. However, given the disposition of the third assignment of error, we will not address these issues because the trial court must address these issues more fully on remand. Without passing on the question of whether genuine issues of material fact exist, CIC's first assignment of error is sustained.
 C. Second Assignment of Error The trial court erred in granting summary judgment againstappellant, to appellant's prejudice, because genuine issues ofmaterial fact were demonstrated under principles of uberrimafides operating to preclude coverage under the insurancepolicy at issue.
In the second assignment of error, CIC argues that the trial court erred in granting summary judgment because Colelli made material misrepresentations on its application for insurance coverage. CIC contends that Colelli misrepresented the true nature of its business as a chemical supplier and that such misrepresentations render the policy voidable. Pennzoil and Colelli argue that we cannot address this issue because it was never properly before the trial court.
CIC confined the grounds supporting its motion for summary judgment to the applicability of five exclusions under the policy. Appellees responded to CIC's arguments. In its reply brief, CIC then attempted to introduce the misrepresentation issue. The arguments involving Colelli's alleged misrepresentations were not raised in response to any arguments made by appellees. In ruling on the summary judgment motions, the trial court declined to address this "new" issue as untimely raised.
We agree with Pennzoil and Colelli that the issue of misrepresentation was not raised in a timely manner. The purpose of a reply brief is to respond to matters raised by an opponent's brief. Cf. Loc.R. 13 ("Reply briefs shall be restricted to matters in rebuttal of the answer brief. Proper rebuttal is confined to new matters in the answer brief."). Otherwise, a litigant may resort to summary judgment by ambush. The issue of whether Colelli made misrepresentations on its application to CIC could have and should have been raised earlier. Therefore, the trial court did not err by declining to address the issue. CIC's second assignment of error is overruled.
 D. Fourth Assignment of Error The trial court abused its discretion in denying appellantleave to file its proffered second amended complaint, which wasbased on discovery and other developments, to appellant'sprejudice.
In its fourth assignment of error, CIC argues that the trial court erred by not granting leave to file a second amended complaint. CIC asserts that the trial court's action violates Civ.R. 15(A). We disagree.
A trial court's decision denying leave to amend a pleading will not be reversed absent an abuse of discretion. WilmingtonSteel Prods., Inc. v. Cleveland Elec. Illuminating Co. (1991),60 Ohio St.3d 120, 122. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
We find no abuse of discretion on the part of the trial court. A motion to amend under Civ.R. 15(A) must be made in a timely manner. Johnson v. Norman Malone Assoc., Inc. (Dec. 20, 1989), Summit App. No. 14142, unreported, at 10. "An attempt to amend a complaint following the filing of a motion for summary judgment raises the spectre of prejudice." Id. CIC did not file its motion for leave to file the second amended complaint until after it filed its summary judgment reply brief, almost a year after CIC filed its first amended complaint. We cannot say that under these circumstances the trial court abused its discretion in denying CIC's motion to amend its complaint a second time. Accordingly, CIC's fourth assignment of error is overruled.
 E. Fifth Assignment of Error The trial court abused its discretion when itrefused to fashion an appropriate sanction on thegrounds of spoliation of evidence, to appellant'sprejudice.
In its fifth assignment of error, CIC argues that the trial court erred by not imposing sanctions against Pennzoil for spoliation of evidence. After discovering the silicone gel on the catalysts in its gasoline refinery, Pennzoil sold the damaged catalysts to third parties. Pennzoil did preserve a sample of crude oil containing the Colelli solvent with the "spent" toluene. CIC moved the trial court to exclude any evidence from Pennzoil regarding damage sustained by the catalysts at issue, because CIC was prejudiced by its inability to examine the catalysts. The trial court denied CIC's motion. CIC now argues that the trial court's decision was error. We disagree.
Where evidence is destroyed or altered before an adverse party may examine it, a trial court may exclude certain evidence as a sanction for such "spoliation of evidence." Cincinnati Ins.Co. v. Gen. Motors Corp. (Oct. 28, 1994), Ottawa App. No. 94OT017, unreported, at 3. Determining whether a sanction is appropriate requires a two-step process. First, the movant must demonstrate that (1) the "spoiled" evidence is relevant; (2) an expert for the party that allegedly spoiled evidence had an opportunity to examine the unaltered evidence; and (3) even though the party that allegedly spoiled evidence contemplated litigation against the movant, the evidence was intentionally or negligently destroyed or altered without giving the movant's expert an opportunity to examine the evidence. Id. at 4. Once this threshold has been met, the opposing party must demonstrate "that there is no reasonable possibility that lack of access to the unaltered or intact product deprived the [movant] of favorable evidence otherwise unobtainable, that is, that the [movant] was not prejudiced." Id. We review the trial court's decision under an abuse of discretion standard. Id. at 2.
We find no abuse of discretion in the case at bar. CIC failed to demonstrate that Pennzoil had an expert examine the damaged catalysts before they were sold. Furthermore, CIC failed to demonstrate that it could not have followed the damaged catalysts to the third parties that bought the catalysts. Because CIC did not meet its initial burden to demonstrate prejudice to its case, the trial court did not abuse its discretion by not sanctioning Pennzoil for disposing of the damaged catalysts. CIC's fifth assignment of error is overruled.
 III.
CIC's first and third assignments of error are sustained. CIC's second, fourth, and fifth assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and causeremanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Wayne Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
 Exceptions. _________________________________ JOHN W. REECE, FOR THE COURT
QUILLIN, P. J.
DICKINSON, J., CONCUR
[1] These included Hillcrest Management, Inc.; David Shafer Oil Producers, Inc.; Noble Oil Corp.; Viking Resources Corp.; Foltz Foltz Limited Partnership; D K Supply, Inc.; Kenoil; D.P. Operating Co.; and Ken Miller Supply, Inc. All of these entities are appellees in this appeal. Each of these entities filed suit against Colelli after CIC brought its declaratory judgment action.
[2] We also note that, in its briefs to this court, CIC attempts to incorporate by reference its arguments on four different issues from its briefs before the trial court. In addition, several of the producer appellees incorporate by reference at least twenty pages of Pennzoil's brief to this court while still using the maximum thirty pages in their own brief. We reiterate that incorporation by reference cannot be used to circumvent the page limitations set by Loc.R. 13 and will not be countenanced by this court. Durgan v. Ohio Bur.of Emp. Servs. (1996), 110 Ohio App.3d 545, 552.