DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-appellant, F.M.D. Limited Partnership ("F.M.D."), appeals the judgment of the Medina County Court of Common Pleas that granted summary judgment in favor of defendant-appellee, the city of Medina ("the City"). We reverse and remand.
This is the second appeal resulting from an action brought by F.M.D. challenging the constitutionality of a Medina ordinance governing the City's open space and land program. In the first appeal, this court described the factual context as follows:
 F.M.D. initiated this action on December 4, 1995, seeking injunctive and declaratory relief to declare Medina Codified Ordinance 1113.06, Open Space Provisions, to be unconstitutional.
 In May 1970, the City enacted the original ordinance beginning the open space and land program. The ordinance required either payment of a fee, or dedication of land, as a prerequisite to obtaining a building permit for new home purchasers and real estate developers. As originally enacted, the ordinance required payment of $100 per dwelling unit in the proposed development, or dedication of land for recreational use. The monies received pursuant to the ordinance were to be used to "purchase or improve park and playground sites which would serve the development for which the payment was made."
 The ordinance was amended to increase the payment to $200 per dwelling unit, and also to divide the City into four quadrants. As amended, the ordinance required the monies acquired pursuant to the law to be used to "purchase or improve public open space land which would serve the quadrant of the City in which the subdivision for which payment was made was located unless Council approved the use of such payment in a different quadrant." The City enacted numerous other amendments to the ordinance raising the amount required per dwelling unit. At the commencement of this action, F.M.D. was required to pay $700 per dwelling unit, pursuant to the open space statute, prior to beginning development of an apartment complex. F.M.D. paid the City a total of $196,000, in lieu of dedicating land, under Medina Codified Ordinance 1113.06.
 F.M.D. filed suit challenging the constitutionality of the ordinance. The trial court found the statute to be unconstitutional on several bases, granted F.M.D.'s motion for summary judgment, and denied the City's motion for summary judgment.
 F.M.D. Ltd. Partnership v. Medina (Feb. 9, 1999), Medina App. No. 2755-M, unreported, 2-3 (F.M.D. I). On appeal, this court concluded that the trial court's conclusory declaration that the statute was unconstitutional was insufficient. Accordingly, this court reversed the judgment of the trial court and remanded for additional analysis of the constitutional issues and for a declaration of the parties' rights as required by R.C. 2721.03. This court also concluded that the City's motion for summary judgment was properly denied.
On remand, the trial court construed the assessments as a tax and concluded that the action was not brought in accordance with R.C. 2723.01. The court noted that "the Medina ordinance appears to be of dubious constitutionality," but entered summary judgment in favor of the City without resolving the constitutional issues and denied F.M.D.'s motion for summary judgment. F.M.D. timely appealed this judgment and has advanced two assignments of error in support of this appeal.
 ASSIGNMENT OF ERROR I
The trial court erred by ignoring and violating (a) this court's mandate to further discuss, analyze, and rule upon the constitutional issues presented, and (b) Ohio's "law of the case" doctrine in rendering summary judgment in favor of the City of Medina when this court had explicitly held that the City was not entitled to summary judgment.
In the first assignment of error, F.M.D. argues that the trial court erred by disregarding the mandate of this court's decision in F.M.D.I. We agree.
Under the doctrine of the law of the case, "an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case[,]" absent extraordinary circumstances, such as an intervening decision by the Supreme Court. Nolan v. Nolan (1984), 11 Ohio St.3d 1, syllabus. Where the issues before the trial court on remand are substantially similar to those involved in the prior appeal, the trial court is bound to follow the determination of the law as found by the appellate court. Id. at 3.
In F.M.D. I, this court noted:
 * * * [I]n an action for declaratory judgment the trial court must fully address the issues presented and make a declaration of the rights, status, or legal relations of the parties. * * * "[A] trial court fails to fulfill its function in a declaratory judgment action when it disposes of the issues by merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document or law under consideration." [IAFF Local #267 v. Lorain (Apr. 20, 1994), Lorain App. No. 93CA005629, unreported] at 3, citing Waldeck v. North College Hill (1985), 24 Ohio App.3d 189, 190.
 In the instant case, the trial court sustained F.M.D.'s motion for summary judgment by summarily declaring that Medina Codified Ordinance 1113.06 was unconstitutional. * * * Although the ordinance, or its present execution, may in fact raise constitutional concerns, the trial court failed to set forth any constitutional construction of the ordinance. The court did not establish any applicable constitutional standard in reaching its conclusion, or make a factual determination relating to the standards employed. It is insufficient to sustain a motion for summary judgment where the trial court makes only a conclusory declaration that the ordinance in issue is unconstitutional.
 F.M.D. I, supra, at 6-7. We then concluded that R.C. 2721.03
required the trial court to "determine the appropriate constitutional test, make appropriate findings of fact, and apply those facts to the constitutional standard" and remanded for an adequate declaration of the parties' rights pursuant to that statute. Id. at 7-8.
On remand, the trial court elected to grant summary judgment to the City on grounds unrelated to this court's mandate. "When an appellate court remands a case for proceedings consistent with its opinion, the trial court on remand may not expand or vary that mandate." General Tire, Inc. v. Melfeldt (June 23, 1999), Summit App. No. 19269, unreported, at 19, citing Hawley v. Ritley (1988),35 Ohio St.3d 157, 160. Accordingly, the trial court was not at liberty to deviate from the directive given by this court. F.M.D.'s first assignment of error is well taken.
 ASSIGNMENT OF ERROR II
The trial court erred on the merits in finding [the] Tax Recovery Act, O.R.C. Chapter 2723, applicable to this situation when that Chapter should not be utilized to protect unconstitutional governmental acts, when there had been no notice to the payor, F.M.D., that it was paying any type of tax distinguishing this case from Ohio precedent, and when O.R.C. Chapter 2723 is independent of and has no relation to the other constitutional issues raised by F.M.D.
F.M.D.'s remaining assignment of error is rendered moot by our discussion, supra, and need not be addressed. See App.R. 12(A)(1)(c).
F.M.D.'s first assignment of error is sustained. The judgment of the trial court is reversed, and the case is remanded to the trial court for proceedings not inconsistent with this opinion and our opinion in F.M.D. I, supra.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 _________________ LYNN C. SLABY
FOR THE COURT WHITMORE, J. CONCURS