JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the court of common pleas and the briefs.
The city of Cleveland commissioned plaintiff Michael Robinson as a private security guard, and he then went to work for Cuyahoga County as an armed security guard in the Central Services department. Defendant lost his commission after being arrested for assault and carrying a concealed weapon — charges that were subsequently dropped. The county then terminated plaintiff because he did not have a commission. Plaintiff brought this declaratory judgment action against the city, the Cleveland Board of Zoning Appeals (BZA), the county, and the Ohio Patrolmen's Benevolent Association (OPBA), collectively claiming he had been discharged in violation of applicable statutes and regulations pertaining to commissioned private police officers. The court granted the OBPA's motion to dismiss on grounds that questions arising under the collective bargaining agreement were under SERB's exclusive jurisdiction. The court granted the city's motion to dismiss on grounds that plaintiff had not exhausted applicable administrative remedies, and further that the complaint failed to state a claim against the BZA because that body had no separate legal existence. Finally, the court granted the county's motion for summary judgment. Plaintiff appeals only the judgments against the city and county. We consolidated the separate appeals for briefing and hearing.
Plaintiff's sole argument on appeal[1] against the city is that the court erred by granting the city's motion to dismiss without allowing him the opportunity to respond. The court issued a pretrial order requiring the city to file a dispositive motion no late than December 30, 1999, and requiring plaintiff to file a response to the city's dispositive motion no later than January 31, 2000. The city filed its motion to dismiss on December 30, 1999, and the court granted the motion to dismiss on January 21, 2000, nine days before plaintiff's scheduled date for filing opposition. The court's judgment entry characterized the city's motion as unopposed, and this characterization was erroneous. Having issued a pretrial order granting plaintiff time in which to respond to the city's dispositive motion, the court bound itself, absent some form of notice to the contrary, to the briefing schedule it established. Cf. Kertes Enterprises, Inc. v. City of South Euclid
(Feb. 27, 1986), Cuyahoga App. No. 50221, unreported. In reaching this decision, we resist the city's invitation to reach the merits of the case, preferring instead to permit full briefing on the issue. The first assignment of error is sustained.
Plaintiff next complains the court erred by granting summary judgment to the county because the court failed to declare the rights of the parties. Although the court must usually declare the rights of parties when disposing of a declaratory judgment action,Waldeck v. North College Hill (1985), 24 Ohio App.3d 189, 190, it need not do so when the dispositive issue on summary judgment concerns the application of an affirmative defense as it did in this case. The summary judgment had no bearing on the legal issues raised in the complaint, so the court had no reason to declare any rights of the parties. The second assignment of error is overruled.
This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Plaintiff does complain that the court's judgment entry failed to make a declaration of the parties' rights, but since the court dismissed the complaint on jurisdictional grounds, no declaration of rights was necessary. See State ex rel. Fenske v.McGovern (1984), 11 Ohio St.3d 129, paragraph four of the syllabus.