JOURNAL ENTRY AND OPINION
This is an appeal from an order of Judge Carolyn B. Friedland that dismissed appellant Neil Klostermeyer's declaratory judgment action against appellees Ohio Department of Rehabilitation and Corrections (ODRC) and the Ohio Adult Parole Authority (OAPA). Klostermeyer claims the judge erred when she failed to declare that his sentence for robbery had expired, and that he currently is serving a sentence only for carrying a concealed weapon. We find no error and affirm.
In January 1983, Klostermeyer pleaded guilty to carrying a concealed weapon, R.C. 2923.12, a third-degree felony, and was sentenced to an indefinite prison term of one to ten years. He was paroled in December of 1983, but in 1985 pleaded guilty to robbery, R.C. 2911.02, an aggravated second-degree felony, and was sentenced to an indefinite term of eight to fifteen years, with a minimum of eight years actual incarceration. He was paroled in June 1993, but returned to prison in August 1994 as a violator. Part of this time was spent as a violator at large and was not credited toward his sentence. He was again paroled in August of 1996 but, by December of 1996, was again returned to prison as a violator, and was most recently paroled in November 1999.
On March 3, 2000, Klostermeyer filed a complaint for declaratory judgment against the ODRC and the OAPA, requesting a declaration that his sentence for robbery had expired, and that he remained on parole only with respect to the less serious offense of carrying a concealed weapon. He claimed that, because the OAPA considered him committed under the more serious robbery offense, its parole guidelines subjected him to more restrictive conditions and sanctions, and cited case law stating that a parolee who is sentenced for a new offense serves the prison term for the new offense first, and then serves the remainder of his original term consecutively.
The ODRC and OAPA moved to dismiss the complaint, each stating that they were not the proper party because they could not provide the requested relief. They contended that they were simply executing the sentences imposed in accordance with the judges' orders and the mandates of R.C. 2929.41, which provides that a parolee who commits a new offense must serve the new sentence consecutive to the paroled offense, and that the two sentences are to be aggregated to determine the minimum and maximum terms. The motion to dismiss was accompanied by affidavits and exhibits recounting Klostermeyer's history of incarceration and parole, and the judge, sua sponte, converted the motion to dismiss to a motion for summary judgment and allowed Klostermeyer additional time to respond.
On August 9, 2000, Klostermeyer's response repeated his legal argument and contained a new affidavit averring that he was now in prison for violating his November 1999 parole and, because he was considered in custody for the robbery conviction, OAPA guidelines required him to serve more time in prison for the violation than if he was in prison only for the concealed weapon conviction.
On January 8, 2001, the judge entered the following order:
 Defendants' motion to dismiss (filed 4/11/00) is granted as Plaintiff has failed to state a claim against a proper party. In this case, [R.C.] 2929.41(B)(3) and (C)(2) direct Defendants to aggregate sentences such as Plaintiff's sentences. Plaintiff's petition for declaratory judgment is denied.
Klostermeyer's three assignments of error state:
 I. THE TRIAL COURT ERRED, AS A MATTER OF LAW AND TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT, BY REFUSING TO ADHERE TO THE DOCTRINE OF STARE DECISIS AND APPLY THE JUDICIAL DECISION ADOPTED BY THE SUPREME COURT OF OHIO IN THE CASE OF [KING V. MAXWELL (1962), 173 OHIO ST. 536, 20 O.O.2d 152, 184 N.E.2d 380] AND ITS PROGENY IN DETERMINING WHETHER APPELLANT'S CONVICTION FOR ROBBERY IN CASE NO. CR-194751 HAD EXPIRED. THIS ERROR RESULTED IN DENYING APPELLANT DUE PROCESS OF LAW UNDER ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, AND THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 II. THE TRIAL COURT ERRED, AS A MATTER OF LAW AND TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT, IN DISMISSING APPELLANT'S COMPLAINT FOR DECLARATORY JUDGMENT UNDER CIVIL RULE 12(B)(6) AS THERE WERE JUSTICIABLE ISSUES TO BE DETERMINED BY THE COURT WHICH WOULD HAVE TERMINATED THE CONTROVERSY BETWEEN THE PARTIES. THIS ERROR RESULTED IN DENYING APPELLANT DUE PROCESS OF LAW UNDER ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, AND THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 III. THE TRIAL COURT ERRED, AS A MATTER OF LAW AND TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT, BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO CIVIL RULE 56(C) WHERE A GENUINE ISSUE OF MATERIAL FACT EXISTED, AND THE MOVANT NEVER IDENTIFIED THE PORTIONS OF THE RECORD DEMONSTRATING THE ABSENCE OF ANY GENUINE ISSUES OF MATERIAL FACT. THIS ERROR RESULTED IN DENYING APPELLANT DUE PROCESS OF LAW UNDER ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, AND THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION.
Before addressing the assignments of error, we must first determine the nature and effect of the judge's order. Although she converted the motion to dismiss into one for summary judgment, the order first purports to be a ruling on the motion to dismiss, finding that Klostermeyer failed to state a claim on which relief could be granted because neither defendant was a proper party. The next two sentences of the order, however, appear to address the merits of the complaint, finding that R.C. 2929.41
requires the ODRC and the OAPA to aggregate consecutive sentences, and denying the complaint on that basis.
Reversal would be warranted if the order was simply a ruling on the motion to dismiss, because the ODRC and the OAPA are proper parties to this action. They are charged with the execution of sentences and, if the judge construed R.C. 2929.41 in Klostermeyer's favor, the ODRC and/or the OAPA would be responsible for effectuating that construction. Although it is the judge who grants relief, the ODRC and the OAPA are the ones who execute the relief granted, because they are the parties that apply R.C.2929.41.[1]
We find, however, that the judge's order not only rules on the motion to dismiss, but also provides an alternative summary judgment ruling on the merits of Klostermeyer's challenge. The second part of the ruling recognizes that the ODRC and the OAPA are the parties responsible for executing R.C. 2929.41, and that the statute requires them to aggregate consecutive sentences. This ruling is a sufficient construction of the * * * law under consideration to be considered a declaration of the parties' rights and obligations, and thus qualifies as a final order under the declaratory judgment statutes.[2]
Our determination that the judge's order is a valid final ruling on the merits of Klostermeyer's complaint disposes of his second assignment of error, which correctly argued that dismissal under Civ.R. 12(B)(6) was inappropriate because the ODRC and the OAPA were properly named as parties to the action. This error is not dispositive, however, because we have also determined that the order stated a valid alternative ruling on the summary judgment motion. With respect to this motion, Klostermeyer's third assignment of error also is not dispositive, because it asserts a dispute of material fact that does not exist. While he claims a factual dispute exists concerning whether he has served his full sentence for robbery, this is in fact a legal dispute to be resolved by interpretation of statutory and case law in the first assignment of error. There is no dispute concerning the time Klostermeyer has served; the dispute concerns the legal import of the time served.
In his first assignment Klostermeyer claims that, pursuant to King v. Maxwell[3] and other cases, he is entitled to a declaration that his robbery sentence is expired because those cases state that a parolee subsequently convicted of another crime serves the sentence imposed for the second sentence first, and then finishes the sentence for which he initially was paroled. According to Klostermeyer, these cases establish that his sentences are severable and are served separately. His analysis, however, fails to address the plain meaning of R.C. 2929.41, which states that the terms of consecutive sentences are to be aggregated, and R.C. 5145.01, which states that an offender serving consecutive sentences shall be held to be serving one continuous term of imprisonment.
All of Klostermeyer's cited authorities establish the proposition that a parolee convicted of a new offense must serve consecutive terms, but none of them establish the severability of the sentences. By stating that consecutive sentences are to be aggregated, and are to be served as one continuous term, the statutory authorities demonstrate an intent to make the sentences inseverable, thereby subjecting Klostermeyer to whatever parole terms are mandated by his robbery conviction until his entire sentence is discharged. Such a legislative intent is rational, because one who has violated parole by committing a more serious crime than that initially committed becomes a likely subject for increased scrutiny if released on parole again. Furthermore, the administrative difficulties of severing consecutive sentences would render such a scheme difficult, if not impossible to apply. An offender such as Klostermeyer, serving two consecutive indefinite sentences, might claim a right to parole from his first sentence, even though he had not yet served the required minimum on his second sentence, resulting in a situation where an offender might be discharged from parole only to be returned to prison to serve his second sentence.
Klostermeyer's cited case authority does nothing to alter the plain construction of R.C. 2929.41 and 5145.01. King v. Maxwell, supra, addressed only the issue of whether a convicted parolee's second sentence should be served consecutively or concurrently with his original sentence, not whether the consecutive sentences should be aggregated or severable.[4] Moreover, King was decided in 1962, twelve years before the 1974 adoption of R.C. 2929.41.
Klostermeyer's reliance on Zerbst v. Kidwell[5] is also misplaced, as that case also considered only whether the sentences should be served consecutively or concurrently, and concerned the interpretation of federal statutes. Finally, his reliance on Roberson v. Mohr[6] is unavailing, because that case addressed whether an offender was entitled to release where his parole revocation hearing was delayed until the expiration of the prison term for the offense he committed while on parole. The issue was the timeliness of the hearing, not the severability of sentences.
Klostermeyer has pinned his hopes on certain language in King indicating that an offender convicted of a crime while on parole serves his second sentence first, and then must serve the remainder of his first term.[7] However, such language appears to have been employed only as a matter of factual convenience in discussing the consecutive sentencing issue, as other language in the same case indicates that if the offender's parole was revoked and he was incarcerated prior to the second conviction, the applicable statute at the time required the offender to complete his original sentence before serving the second term.[8] We do not believe King or any other case intended an offender's parole consequences to depend on the timing of his parole revocation relative to his second conviction. In short, King does not inform the issue here, and we rely on the legislative intent expressed by the language of R.C. 2929.41
and 5145.01.
Based on those statutes, we find that, until the aggregate sentence imposed on Klostermeyer has been discharged, neither of the offenses composing that aggregate has been discharged. The first assignment of error is overruled. As noted supra, the third assignment of error also is overruled, and although we sustain the second assignment, we find the error harmless because the judge's order stated a valid alternative basis for the ruling.
Judgment affirmed.
It is ordered that the appellee recover from appellant costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] We note, as an aside, that the record raises some question concerning whether Klostermeyer's claim is justiciable, because he did not clearly establish the parole consequences of his robbery conviction or the relief he would obtain if it was discharged. However, because the Defendants did not raise the issue and the judge did not rule on this basis, neither will we.
[2] Waldeck v. N. College Hill (1985), 24 Ohio App.3d 189, 190, 24 OBR 280, 493 N.E.2d 1375, 1377.
[3] (1962), 173 Ohio St. 536, 20 O.O.2d 152, 184 N.E.2d 380.
[4] King, 173 Ohio St. at 537, 184 N.E.2d at 381.
[5] (1938), 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399.
[6] (1991), 73 Ohio App.3d 262, 596 N.E.2d 1112.
[7] King, 173 Ohio St. at 538-39, 184 N.E.2d at 382-83.
[8] Id. at 541, 184 N.E.2d at 383-84 (citing then-current version of R.C. 2941.43. The statute today refers only to the offending convict's new term without specification, further indicating that the new term is the aggregate of all sentences imposed.)