JOURNAL ENTRY and OPINION
Appellant Trent Vendrick challenges a trial court order dismissing his complaint for declaratory relief. He asserts that:
 THE TRIAL COURT ERRED IN DISMISSING APPELLANT['S] DECLARATORY JUDGMENT PURSUANT TO CIV.R. 12(B)(6) WITHOUT RULING ON [THE] EXISTING CONTROVERSY.
We find the dismissal was in error. Therefore, we reverse the trial court's ruling and remand for further proceedings.
 PROCEDURAL HISTORY
Appellant filed his complaint against appellees the Ohio Adult Parole Authority ("OAPA") and the Cuyahoga County Prosecutor on May 30, 2001. He asked the common pleas court to declare his rights and obligations under a plea agreement with the State of Ohio. Pursuant to the agreement, appellant plead guilty to voluntary manslaughter and was sentenced to ten to twenty-five years of imprisonment. He claimed the OAPA failed to honor that agreement by assessing his eligibility for parole based upon a more serious degree of offense than voluntary manslaughter. Appellant demanded a declaration that the plea agreement was valid and enforceable and that he was entitled to the terms and conditions of the plea agreement "contract" he made. He also demanded an injunction ordering the OAPA to consider his eligibility for parole based upon the offense of which he was convicted.
Both the prosecutor and the OAPA moved to dismiss the complaint. The prosecutor argued that appellant failed to allege facts to demonstrate how the prosecutor breached the plea agreement. The OAPA claimed appellant failed to show that the state promised he would serve the minimum prison term or that he would be considered for parole at any particular time. Furthermore, they both argued that appellant was not entitled to a declaratory judgment, first because the parole guidelines were not a "constitutional provision, statute or rule" subject to declaratory judgment, and second because appellant could not demonstrate the elements of a declaratory action.
The trial court granted both motions on July 17, 2001, in a half-sheet entry which reads:
 s Cuy[ahoga County] prosecutor and OAPA's motions to dismiss are granted, with prejudice; costs to . notified via regular US mail, at: Trent Vedrick, #282917, Grafton Corr[ectional] Inst[itute], 2500 S. Avon-Belden Rd., Grafton, Ohio 44044. s notified by phone.
 This court retains jurisdiction over all post-judgment motions.
Appellant has timely appealed from this order.
 LAW AND ANALYSIS
Neither the OAPA nor the Cuyahoga County Prosecutor have filed an answer brief. See App.R. 18(C). However, the OAPA has filed a "confession of error" in which it "acknowledges that the trial court committed reversible error by not declaring the rights of the parties." We disagree. A dismissal for failure to state a claim does not address the merits of the complaint, so the trial court was not in a position to declare the parties' rights and obligations. Cf. Waldeck v. North CollegeHill (1985), 24 Ohio App.3d 189, 190 (court has an obligation in a declaratory judgment action to set forth its construction of the document or law under consideration). Accordingly, we will not vacate and remand for the trial court to declare the parties' rights and obligations, but will consider appellant's assignment of error.
Dismissal of a complaint for failure to state a claim pursuant to Civ.R. 12(B)(6) is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief. CrestmontCleveland Partnership v. Ohio Dept. Of Health (2000), 139 Ohio App.3d 928,936. We review de novo the trial court's decision to dismiss, accepting all factual allegations of the complaint as true and making all reasonable inferences in the appellant's favor. Elder v. Fischer (1998),129 Ohio App.3d 209, 212.
Appellant's complaint sought a declaration that the OAPA breached his plea agreement by applying the parole guidelines applicable to the offense for which he was indicted, rather than the offense to which he plead guilty. This court has not addressed this issue previously, cf.Klostermeyer v. Ohio Dept. of Rehab. Correction (Nov. 29, 2001), Cuyahoga App. No. 79248. Other courts of appeals in this state have reached conflicting opinions. The Ohio Supreme Court has agreed to resolve the matter. Layne v. Ohio Adult Parole Auth. (May 29, 2001), Marion App. No. 9-2001-06, unreported, order certifying conflict,93 Ohio St.3d 1448, and Houston v. Wilkinson (June 29, 2001), Allen App. No. 1-01-52, unreported, order certifying conflict and consolidating with Layne, 93 Ohio St.3d 1449.
Some courts hold that the OAPA is not bound by the plea agreement. These courts hold that the plea agreement only relates to the appellant's conviction and sentence and not to any decision as to appellant's eligibility for parole. Furthermore, they hold that the OAPA's guidelines for parole decisions are internal management guides and are not "rules" subject to a declaratory judgment. See, e.g., Gearheart v. Ohio AdultParole Authority (Aug. 23, 2001), Fairfield App. No. 01CA28, unreported;Houston v. Wilkinson (June 29, 2001), Allen App. No. 1-01-52, unreported; Layne v. Ohio Adult Parole Authority (May 29, 2001), Marion App. No. 9-2001-06, unreported.
Other courts have held that the plea agreement is a contract with the state which all state agencies, including the OAPA, must honor.[1]
While the OAPA may have absolute discretion to decide whether to parole a particular offender, and may be able to consider the circumstances surrounding the offense and whether appellant could have been convicted of a more serious crime but for his plea, it must begin its decision-making process by applying the guidelines for the crime of which the appellant was actually convicted, not the crime for which he was indicted. See, e.g., Harris v. Wilkinson (Nov. 27, 2001), Franklin App. No. 01AP-598, unreported; Oswalt v. Ohio Adult Parole Authority (Oct. 4, 2001), Franklin App. No. 01AP-363, unreported; Givens v. Ohio AdultParole Authority (Sep. 22, 2000), Clark App. No. 2000 CA 35, unreported;Randolph v. Ohio Adult Parole Authority (Jan. 21, 2000), Miami App. No. 99 CA 17.
We find that the Randolph decision and its progeny represent the better-reasoned approach. A plea agreement is a contract which should be as binding on the state as on the defendant. The OAPA is an agency of the state which must honor the state's agreements. Assuming that the facts alleged in the complaint are true, we cannot conclude that appellant can prove no set of facts entitling him to relief. Therefore, we reverse and remand for further proceedings.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and COLLEEN CONWAY COONEY, J.CONCUR
[1] Obviously, this contract analysis is inapplicable when the defendant is convicted after trial of a lesser offense than he was indicted for, but the parole authority attempts to apply guidelines applicable to the indicted offense. Some courts have followed a due process analysis in such cases, concluding that the parole guidelines are arbitrary and irrational if interpreted to mean that an offender's "current offense" is a crime other than the crime of conviction. Oswaltv. Ohio Adult Parole Authority (Oct. 4, 2001), Franklin App. No. 01AP-363, unreported.