JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-Appellant, Accent Group, Inc., appeals the judgment of the Cuyahoga County Court of Common Pleas granting the motion for summary judgment of defendant-appellee, Village of North Randall (the Village), regarding appellant's claim for declaratory judgment. For the reasons that follow, we vacate the trial court's order and remand for further proceedings.
 {¶ 2} In an amended complaint filed on June 1, 2001, appellant alleged that it purchased real property in the Village of North Randall in 1996. Appellant further alleged that it expended over $760,000 in improvements to convert a building on the property into a showroom and automobile accessory installation area. Appellant operated an automobile electronics and customization business in the building, pursuant to an occupancy permit from the Village, until 1999, when it ceased operations and began attempts to lease the building.
 {¶ 3} According to appellant's amended complaint, three potential tenants, including one who wanted to operate an automobile parts installation and repair business on the property, were denied occupancy permits by the Village, under various interpretations of the Village's zoning code. Appellant's amended complaint alleged that the refusal of the Village to issue permits to these prospective tenants was arbitrary and capricious and caused it to lose substantial revenues, for which it sought compensatory damages.
 {¶ 4} Appellant's amended complaint also alleged that in January 2001, the Village enacted a new zoning code. Appellant further alleged that Chapter 1143 of the new code, which provides that automobile service and repair is not a permitted use in the Commercial Service and Retail District, in which appellant's property is located, is arbitrary, unreasonable and without substantial relation to the public health, safety, morals and general welfare of the Village. Accordingly, appellant sought a declaration from the trial court that Chapter 1143 is unconstitutional on its face.
 {¶ 5} Finally, appellant's amended complaint alleged that the prohibition of automobile service in the Commercial Service and Retail District — the purpose for which the building on appellant's property was designed and renovated — was an unconstitutional regulatory taking of appellant's property because it rendered the property without any economically viable use. Accordingly, appellant sought an order from the trial court granting it the right to rent the premises for any reasonable purpose for which the building was designed.
 {¶ 6} The Village answered appellant's amended complaint for declaratory judgment. On November 15, 2001, the Village filed a motion for summary judgment, asserting that appellant's amended complaint should be dismissed because: 1) appellant had failed to exhaust its administrative remedies; 2) the challenged ordinance was constitutional; and 3) appellant was not denied all economically viable use of its property and, therefore, its taking claim failed.
 {¶ 7} In an order dated February 4, 2002, the trial court granted the Village's motion, stating only, Defendant's motion for summary judgment is granted.
 {¶ 8} Appellant timely appealed, assigning two errors for our review. We are unable to review these assigned errors, however, because the trial court did not expressly declare the rights and obligations of the parties, as required in a declaratory judgment action.
 {¶ 9} It is well established that a court fails to fulfill its function in a declaratory judgment action when it disposes of the issues by journalizing an entry merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document or law under construction. Waldeck v. City of North College Hill (1985),24 Ohio App.3d 189, 190, quoting Kramer v. West American Ins. Co. (Oct. 6, 1982), Hamilton App. Nos. C-810829 and -810891. See, also, Haapala v.Nationwide Property Casualty Ins. Co. (Nov. 9, 2000), Cuyahoga App. No. 77597; Eason v. Johnson (July 22, 1999), Cuyahoga App. No. 74698; Leader Natl. Ins. Co. v. Eaton (1997), 119 Ohio App.3d 688, 691, fn. 1.
 {¶ 10} Here, because the trial court failed to make any declaration regarding the parties' rights and obligations respective to the statute at issue, we are unable to review the merits of the trial court's decision to grant a declaratory judgment in favor of appellee. Without more than a one-line entry granting summary judgment in favor of appellee, we cannot determine whether the trial court granted summary judgment to appellee because appellant failed to exhaust its administrative remedies or because the trial court determined that the statute at issue is not unconstitutional. Furthermore, the trial court did not address the issues associated with appellant's taking claim.
 {¶ 11} We decline to speculate about how the trial court reached its decision nor will we make the declarations the trial court should have made. See Bella Vista Group, Inc. v. City of Strongsville (Sept. 17, 2001), Cuyahoga App. No. 78336; Haapala, supra. It is the function of the trial court to construe the statute at issue and set forth its reasons for doing so.
 {¶ 12} Accordingly, we vacate the trial court's decision and remand for further proceedings.
 {¶ 13} This cause is remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J. AND TERRENCE O'DONNELL, J. CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A) (1).