JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, American States Insurance Company, appeals the decision of the Cuyahoga County Common Pleas Court denying its motion for summary judgment on the complaint for declaratory judgment filed by plaintiff-appellee, Katherine Berning, seeking a declaration that she is entitled to underinsured motorist benefits.
 {¶ 2} The record reveals that plaintiff-appellee, Katherine Berning ("Berning"), was involved in an automobile accident with James P. Souris ("Souris") on May 13, 1999. Berning thereafter brought suit against Souris seeking compensation for the injuries she sustained. In September 2000, Souris tendered the full policy limits under an automobile policy of insurance issued by Allstate Insurance Company.
 {¶ 3} At the time of the accident, Berning was employed by Creativity for Kids, Inc., a corporation which had in effect two policies of insurance with defendant-appellant, American States Insurance Company ("American States"). One policy was a general commercial policy of insurance referred to as AMPAC Package Policy No. 01-CD-625316-6 and the second was an umbrella liability policy. Berning made a claim for underinsured motorist benefits from American States under both policies, which American States denied. American States did, however, authorize Berning to settle her claims against Souris and execute a release to that effect.
 {¶ 4} Berning thereafter filed suit against defendant, Safeco Insurance, of which American States is a wholly owned subsidiary,[1]
seeking, inter alia, a declaration that she is entitled to underinsured motorist benefits under both policies of insurance. In her motion for partial summary judgment that followed, Berning claimed entitlement to this coverage under the "nonowned auto" provision contained in the business auto coverage section of the general liability policy. When American States failed to offer such coverage, she maintained that it arose by operation of law. American States likewise moved for summary judgment claiming that the general liability policy is not an automobile policy and therefore Berning is not entitled to underinsurance coverage under that policy. It further argued that there was no coverage under the umbrella policy because Berning's employer had explicitly rejected uninsured/underinsured motorist coverage.
 {¶ 5} In an entry journalized on October 10, 2001, the trial court stated:
 {¶ 6} "On the authority of Smith v. Cincinnati Insurance Co. (Lake Cty. C.P., May 24, 2000), plaintiff's motion for partial summary judgment, filed 8/22/02, is granted. Further, defendant American States Insurance Company's motion for summary judgment, filed 8/22/01, is granted only as to the umbrella liability policy issued by American States Insurance Company to Creative Art Activities Inc. Defendant American States Insurance Company's motion for summary judgment is denied as to the AMPAC package policy of insurance issued to Creative Art Activities, Inc."
 {¶ 7} On November 1, 2001, the court journalized another entry preceded by the language that there was "no just reason for delay" and ending with language staying the remaining claims until resolution by this court. This entry was identical to the October 10th entry in all other respects. It is from this order that American States appeals and assigns two errors for our review. We are unable to review these assigned errors because the order from which American States appeals fails to declare the rights of the parties.
 {¶ 8} It is well settled that a declaratory judgment action is a special proceeding under R.C. 2505.02 and, therefore, any order entered therein that affects a substantial right is a final appealable order.General Acc. Ins. Co. v. Insurance Co. of North America (1989),44 Ohio St.3d 17, paragraph two of the syllabus. Nonetheless, where a trial court fails to include a declaration of the parties' rights in its decision, an appellate court's ability to review that decision is hindered.
 {¶ 9} "As a general rule, a court fails to fulfill its function in a declaratory judgment action when it disposes of the issues by journalizing an entry merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document or law under consideration." Waldeck v. North College Hill (1985),24 Ohio App.3d 189, 190; Haapala v. Nationwide Property Cas. Ins.Co. (Nov. 9, 2000), Cuyahoga App. No. 77597, 2000 Ohio App. Lexis 5229; see, also, Bella Vista Group, Inc. v. Strongsville (Sept. 6, 2001), Cuyahoga App. No. 78836, 2001 Ohio App. Lexis 3959.
 {¶ 10} In this case, the court failed to address the issues associated with Berning's claim for declaratory judgment and the respective rights of the parties relevant thereto. We, therefore, will not make any assumptions as to how the court would have declared those rights based on the parties' respective motions for summary judgment. SeeHaapala, Cuyahoga App. No. 77597, at 8, 2000 Ohio App. Lexis 5229. It is the function of the trial court to construe the policy at issue and set forth its reasons for its interpretation.
 {¶ 11} The decision of the trial court is, therefore, vacated and remanded for further proceedings consistent with this opinion.
The decision of the trial court is vacated and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J. and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] Berning amended her complaint to reflect this status and, as such, defendant-appellee is referred to as American States rather than Safeco Insurance.