JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Gary and Robin Bartos, appeal the decision of the Cuyahoga County Common Pleas Court granting summary judgment to defendant-appellee, Cincinnati Insurance Company, and declaring that appellants are not entitled to uninsured motorists benefits.
 {¶ 2} The record reveals that on November 20, 1996, Gary Bartos was injured in a motor vehicle accident when the vehicle he was driving collided head on with a tractor-trailer negligently driven by Raymond Arnold. At the time of the accident, Bartos was employed by River Terminal Railway Company ("RTRC) and his wife, Robin, was employed by Marymount Hospital ("Marymount"). Bartos and his wife (collectively referred to as "appellants"), eventually brought suit against Arnold. In April 1998, appellants settled and dismissed their claims against Arnold and his insurer, with prejudice.
 {¶ 3} In August 2001, appellants instituted the within declaratory judgment action seeking a declaration that they are entitled to underinsured motorists benefits from policies of insurance issued to appellants' employers based on the Ohio Supreme Court's opinion inScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. Appellants identified two such policies of insurance issued by defendant-appellee, Cincinnati Insurance Company ("CIC") to Marymount, a commercial general automobile liability policy and an umbrella policy.
 {¶ 4} CIC moved for summary judgment seeking judgment in its favor as a matter of law on the basis that appellants were not entitled to coverage under the (1) commercial general policy because CIC's subrogation rights were destroyed when appellants settled and dismissed their claims against the tortfeasor and his insurer; and (2) umbrella policy because the policy expressly limited coverage to an insured acting within the course and scope of their employment.
 {¶ 5} In its entry granting CIC's motion for summary judgment, the trial court stated:
 {¶ 6} "Defendant, the Cincinnati Insurance Company's motion for summary judgment filed on February 22, 2002 is granted. Accordingly, the court makes the following findings and declarations: Plaintiff was required by the policy to provide reasonable notice of his claim against the tortfeasor to Cincinnati Insurance and failed to do so. Cincinnati's subrogation rights against the tortfeasor were not protected and were destroyed. Plaintiffs are not entitled to benefits under the Cincinnati Insurance Policy. Partial."
 {¶ 7} Appellants thereafter voluntarily dismissed it claims without prejudice against the remaining defendant, National Union Fire Insurance Company, and this appeal followed.[1] It is clear from the trial court's journal entry, however, that it failed to declare the rights of the parties as to the umbrella policy.
 {¶ 8} Appellants sought underinsured motorist coverage under this policy as well and CIC argued against coverage on the basis that Bartos was not acting within the scope of his employment so as to trigger coverage. Where a trial court fails to include a declaration of the parties' rights in its decision, an appellate court's ability to review that decision is hindered.
 {¶ 9} "As a general rule, a court fails to fulfill its function in a declaratory judgment action when it disposes of the issues by journalizing an entry merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document or law under consideration." Waldeck v. North College Hill (1985),24 Ohio App.3d 189, 190; Haapala v. Nationwide Property Cas. Ins.Co. (Nov. 9, 2000), Cuyahoga App. No. 77597, 2000 Ohio App. Lexis 5229; see, also, Bella Vista Group, Inc. v. Strongsville (Sept. 6, 2001), Cuyahoga App. No. 78836, 2001 Ohio App. Lexis 3959.
 {¶ 10} In this case, the court failed to address the issues associated with appellants' claim for declaratory judgment as pertains to the umbrella policy of insurance and the respective rights of the parties relevant thereto. We decline to make any assumptions as to how the court would have declared those rights based on a party's motion for summary judgment. See Haapala, Cuyahoga App. No. 77597, at 8, 2000 Ohio App. Lexis 5229. It is the function of the trial court to construe the policy at issue and set forth its reasons for its interpretation.
 {¶ 11} The decision of the trial court is, therefore, vacated and remanded for further proceedings consistent with this opinion.
 {¶ 12} The decision of the trial court is vacated and remanded for proceedings consistent with this opinion.
 {¶ 13} It is, therefore, ordered that appellee recover from appellant costs herein taxed.
 {¶ 14} It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court directing said court to carry this judgment into execution.
 {¶ 15} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE DYKE, J., CONCURS; FRANK D. CELEBREZZE, JR., J., CONCURS INJUDGMENT ONLY.
Keyword Summary
Declaratory judgment; failure to declare rights under insurance policy
[1] In its second amended complaint, appellants substituted defendant, National Union Fire Insurance Company for previously named defendant, Marsh McLennan, Inc.