JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Dennis Obukhoff ("Obukhoff"), appeals the trial court's decision granting summary judgment to defendant-appellee, Case Western Reserve University ("CWRU"). For the reasons that follow, we dismiss for lack of a final appealable order.
 {¶ 2} A review of the record on appeal indicates that Obukhoff was a student at the CWRU medical school. In May 2005, the medical school committee on students unanimously voted to dismiss Obukhoff from the medical school. Obukhoff decided to withdraw from the school in lieu of dismissal. Obukhoff then filed a complaint against CWRU, alleging breach of contract and an action for declaratory judgment.
 {¶ 3} In the first count of the complaint, Obukhoff alleged a breach of contract against CWRU for constructive dismissal. In the second count of the complaint, Obukhoff alleged that CWRU breached its contractual obligations owed to Obukhoff. He further alleged that he was entitled to a preliminary and permanent injunction and a declaratory judgment, prohibiting CWRU from placing an annotation on his permanent record which indicated that he "withdrew in lieu of dismissal" and to replace the annotation with the language "voluntarily withdrew." In the third count of the complaint, Obukhoff alleged a breach of contract in relation to his employment in one of the medical school's laboratories. *Page 3 
 {¶ 4} CWRU moved for summary judgment, which Obukhoff opposed. The trial court granted CWRU's motion for summary judgment, without opinion, stating that "having construed the evidence most strongly in favor of the non-moving party, [this court] determines that reasonable minds can come to but one conclusion, that there were no genuine issues of material fact, and that [CWRU] is entitled to judgment as a matter of law."
 {¶ 5} CWRU sought court costs, attorneys fees, and expenses. Subsequent to Obukhoff's filing of his notice of appeal with this court, the trial court granted CWRU's motion as to court costs but denied the motion for attorneys fees and expenses. CWRU filed its notice of appeal on that issue. The two appeals have been consolidated for hearing and decision.
 {¶ 6} Obukhoff raises four assignments of error and CWRU raises one assignment of error in its cross appeal. (See appendix.) We are unable to review these assigned errors, however, because the trial court did not expressly declare the rights and obligations of the parties, as required in a declaratory judgment action.
 {¶ 7} As a general rule, a court fails to fulfill its function in a declaratory judgment action when it disposes of the issues by journalizing an entry merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document or law under consideration. Waldeck v. North College Hill (1985), 24 Ohio App.3d 189, 190, 493 N.E.2d 1375. *Page 4 
 {¶ 8} In the instant case, the court failed to address the issue associated with Obukhoff's claim for declaratory judgment and the respective rights of the parties relevant to the annotation on his permanent record. We find that the failure of the trial court to fulfill its function vis-a-vis a declaratory judgment action when it disposed of the claims by journalizing an entry which merely sustained the motion for summary judgment without addressing the declaratory relief requested and without declaring the parties' rights and obligations under the alleged contract, prevents the order appealed from being a final order capable of appellate review. See Sitton v. Alamo Rent-A-Car LLC, Cuyahoga App. No. 80801, 2002-Ohio-4168. As a rule, we will not make any assumptions as to how the court would have declared those rights based on the parties' respective motions for summary judgment. See Haapala v.Nationwide Property Cas. Ins. Co. (Nov. 9, 2000), Cuyahoga App. No. 77597.
 {¶ 9} Accordingly, the consolidated appeals are dismissed for lack of a final appealable order. See Bella Vista Group, Inc. v.Strongsville (Sept. 6, 2001), Cuyahoga App. No. 78836.
Appeal dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 5 
 KENNETH A. ROCCO, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 6 
 Appendix
Appellant's assignments of error
I. The trial court committed reversible error by granting CWRU's motion for summary judgment on Obukhoff's claims of constructive dismissal from the school of medicine.
II. The trial court erred in granting CWRU's motion for summary judgment on Obukhoff's action for declaratory judgment.
III. The trial court erred by granting CWRU's motion for summary judgment on Obukhoff's claim for breach of an employment contract.
IV. The trial court committed reversible error by denying Obukhoff's motion to compel production of documents.
Cross-appellant's assignment of error
I. The trial court erred by not awarding attorney fees and costs to CWRU. *Page 1